**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN HUGHLEY,** | **CASE NO. 1:09CV1828** |
| Petitioner, | **JUDGE JACK ZOUHARY** |
| v. | **MAGISTRATE JUDGE GREG WHITE** |
| **ROBERT REID, Sheriff,** | |
| Respondent. | **ORDER** |

Petitioner Kevin Hughley ("Hughley"), *pro se*, filed a Petition for Writ of Habeas Corpus on August 5, 2009. (Doc. No. 1.) On August 25, 2009, he filed a motion to stay the proceedings (Doc. No. 4) which was granted on September 10, 2009. (Doc. No. 5.) On September 21, 2009, Hughley filed a motion to reopen his case, along with a motion for leave to amend the Petition. (Doc. Nos. 6, 9.) The Court granted both motions on September 25, 2009, and the case was reopened. (Doc. No. 11.) On November 23, 2009, due to the fact that Hughley was released from state custody and transferred to the Cuyahoga County Jail to serve a portion of his sentence for a misdemeanor conviction, the Court granted Respondent's motion to substitute Sheriff Reid. (Doc. No. 30.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.

On December 10, 2009, prior to receiving an Answer/Return of Writ from Sheriff Reid, Hughley filed a motion for temporary restraining order ("TRO") stating he is being held in county jail in violation of Ohio Rev. Code ("O.R.C.") § 2929.34.[1] (Doc. No. 34.) Hughley

---

[1] O.R.C. § 2929.34 states, in pertinent part:

(C) A person who is convicted of or pleads guilty to one or more misdemeanors and who is sentenced to a jail term or term of imprisonment pursuant to the

requests this Court to order state officials to transfer him to a minimum security jail in compliance with Ohio law. On December 17, 2009, Respondent filed his brief in opposition to the Temporary Restraining Order. (Doc. No. 37.)

First, the Court is barred from ruling on Hughley's TRO as the case was brought under 28 U.S.C. § 2254. This Court cannot reach the issue he raises in his motion for a TRO as there has been no state court adjudication on the issue. *See Socha v. Wilson*, 477 F.Supp.2d 809, 827 (N. D. Ohio 2007). Relief can only be granted under 28 U.S.C. § 2254(d)(1) upon the showing that the state court's decision was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court of the United States. *Id*. Therefore, no relief is available.

Moreover, the Sixth Circuit has explained that "the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Ziskind v. Gonzales*, Case No. 4:06cv0593, *3 (N.D. Ohio Mar. 21, 2006) (*quoting Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). "Where prison management is concerned, however, the status quo is to allow the Bureau of Prisons to manage its facilities and the prisoners incarcerated there." *Ziskind* at 2. Moreover, "where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities." *Procunier v. Martinez*, 416 U.S. 396, 404, 94 S.Ct. 1800 (1974), *overruled on other grounds*, 490 U.S. 401, 413-414 (1989). A restraining order would disturb the status quo and encroach on the BOP's discretion. *Ziskind* at 2.

Even assuming this Court has jurisdiction to entertain Hughley's motion for TRO, he has not met the legal requirements. A court considers four factors in determining whether to grant injunctive relief: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest

---

conviction or convictions shall serve that term in a county . . .  jail or workhouse or, if the misdemeanor or misdemeanors are not offenses of violence, in a minimum security jail.

would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). A court need not make specific findings on each factor, if fewer factors dispose of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). "[An injunction] is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (quotations and citations omitted).

Hughley shows no likelihood of success on the merits as to his complaints of "cruel and unusual punishment." Under the Eighth Amendment, cruel and unusual punishment consists of an unnecessary and wanton infliction of pain or a deliberate indifference to a known health or safety risk. *Estelle v. Gamble*, 429 U.S. 97, 103-104 (1976). Courts have held that conditions that create "temporary inconveniences and discomforts" or that make "confinement in such quarters unpleasant" are insufficient to state an Eighth Amendment claim. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971); *see also Murchison v. McCaughtry*, 2003 WL 23162898, Case No. 03-C-0058-C (W.D. Wis. Mar. 5, 2003) ("[t]he fact that defendants allegedly broke their promise to transfer plaintiff to a minimum security prison in Milwaukee does not implicate the Eighth Amendment's cruel and unusual punishment clause.") Hughley presents no evidence of such behavior by the Respondent.

Hughley also has not presented any evidence of irreparable harm. He complains that he is housed in a facility with other felons and suggests that he might be exposed to "altercations" with other inmates or "retaliation" from unnamed individuals. (Doc. No. 34 at 2-3.) To demonstrate irreparable harm, a movant must show "actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Hughley does not meet the second factor as he has only speculated as to any irreparable harm.

Regarding the third and fourth factors, "the courts are ever cautioned to stay out of the business of micro-managing prisons." *Warman v. Federal Bureau of Prisons*, 2007 WL 1434874, Case No. 07-cv-34, *4 (E.D. Ky. May 10, 2007); *see Bell v. Wolfish*, 441 U.S. 520, 546-548 (1979); *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Moreover, the Court is not certain

3

how the public interest would be served by interfering with the discretion in selecting where an inmate will be kept.

For the foregoing reasons, Hughley's motion for a TRO is denied.  (Doc. No. 34.)

IT IS SO ORDERED.

s/ Greg White<br>United States Magistrate Judge

Dated:    December 21, 2009