**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN HUGHLEY,** | **CASE NO. 1:09CV1828** |
| Petitioner, | **JUDGE JACK ZOUHARY** |
| v. | **MAGISTRATE JUDGE GREG WHITE** |
| **SHERIFF REID,** | |
| Respondent. | **ORDER** |

Kevin Hughley, *pro se*, filed a Petition for Writ of Habeas Corpus on August 5, 2009. (Doc. No. 1.) On August 25, 2009, he filed a motion to stay the proceedings (Doc. No. 4) which was granted on September 10, 2009. (Doc. No. 5.) On September 21, 2009, Hughley filed a motion to reopen the case, along with a motion for leave to amend his petition with additional claims. (Doc. Nos. 6, 9.) The Court granted both motions on September 25, 2009, and the case was reopened. (Doc. No. 11.) On November 23, 2009, due to the fact that Hughley was released from state custody and transferred to the Cuyahoga County Jail to serve the remaining portion of his sentence, the Court granted Respondent's motion to substitute Sheriff Reid as Respondent. The Court then granted Respondent's request for an extension of time to file his Answer to February 25, 2010. On December 10, 2009, Hughley filed a Motion for temporary restraining order ("TRO"), which the Court denied, ruling that, *inter alia*, no such relief was available under § 2254. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.

Before the Court are several additional motions filed by Hughley:

    (1) Motion for Leave to Amend his Petition with Additional Claim (Doc. No. 14);

    (2) Second Request for Stay and First Request for an Appeal Bond (Doc. No. 19);

    (3) Motion to order Cuyahoga Sheriff's Department to Provide Petitioner

>with Access to this Court (Doc. No. 25);
>
>(4) Motion for Leave to Amend Application (Doc. No. 36);
>
>(5) Motion for Reconsideration of the Granting of the Temporary Restraining Order (Doc. No. 40);
>
>(6) Motion to Amend Appeal Bond/Stay Request (Doc. No. 44).
>
>(7) Second Motion to have Respondent Provide Access to Court (Doc. No. 49); and
>
>(8) Motion for Ruling on all Pending Motions (Doc. No. 50.)

Respondent has not opposed any of these motions.[1]

### A. Motions for Leave to Amend Petition (Doc. Nos. 14 and 36.)

Presently, the grounds for relief before the Court as raised in the Petition are:

>**Ground One**: Case 487838, Manifest weight of evidence (didn't support conviction). Supporting Facts: The 8th District Court of Appeals held that I was guilty of forgery since the exhibits show I already was photograph [sic] as signing the receipt and there is no exhibit of such showing me or anyone signing a receipt.
>
>**Ground Two**: Case 481899, Manifest weight – sentence is a void on its face sentence. Supporting Facts: I was sentenced to a state institution for 9 months, this is at odds with law and sentence penalty, as a 9-month sentence can't be imposed in a state correctional institution on this offense.

(Doc. No. 1.)

On September 25, 2009, the Court granted Hughley's motion for leave to amend his

Petition as to the following claims:

>Claim 1: Waiver of counsel wasn't complied with via Ohio Criminal Rule 44(c).
>
>Claim 2: Appellant convictions in case 462014 pertaining to forgery charges should of [sic] been misdemeanors as opposed to felonies since the verdict form failed to state degree.
>
>Claim 3: Appellant was forced to pay court costs when the trial court on record waived cost.

(Doc. Nos. 6 and 11.)

Hughley filed two additional motions for leave to amend his Petition. (Doc. Nos. 14 and

36.) In the first motion, he contends that he spent over 311 days in confinement in lieu of bail,

---

[1]Warden Duffey, before the substitution of Sheriff Reid, opposed Hughley's second motion for stay and first request for an appeal bond. (Doc. Nos. 19, 23.)

but received zero jail time credit. (Doc. No. 14.) In the second motion, he raises the argument that his misdemeanor jail term should have run concurrent with his already completed state prison term. (Doc. No. 36). Hughley also apparently desires to add false imprisonment claims pursuant to Ohio Revised Code ("O.R.C.") § 2929.41(A) and 2929.34(C). *Id.*

Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Fitzgerald v. Eberlin,* 2007 WL 893789, *1 Case No. 1:06cv0119 (N.D. Ohio Mar. 22, 2007); *see also Smith v. Konteh*, 2006 WL 3759799, *2 (W.D. Mich. Dec. 20, 2006) *citing* 28 U.S.C. § 2242 ¶ 3 (application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Hodges v. Rose*, 570 F .2d 643, 649 (6th Cir. 1978) *cert. denied*, 98 S.Ct. 2243 (1978). Under Rule 15(a), a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served. *Id*. Otherwise, the party may amend only by leave of court, which "shall be freely given when justice so requires." *Id. citing* Fed.R.Civ.P. 15(a); *see Mayle v. Felix*, 125 S.Ct. 2562, 2565 (2005); *see also Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (Leave to amend a complaint should be liberally granted.) The Court should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman* 371 U.S. at 182; *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

As Respondent has not opposed Hughley's motions to amend claims, and as the Answer has not yet been filed, leave to amend should be liberally granted within the court's discretion. The Court determines that Hughley's first motion to amend regarding his claim that he received zero jail time credit after spending over 311 days in confinement in lieu of bail may be a constitutional question arising under federal habeas, and therefore, grants that motion. (Doc. No. 14.) The Court also allows Hughley's claim in his second motion as to whether his misdemeanor jail term should have run concurrent to his felony conviction. (Doc. No. 36.) However, the Court denies Hughley's motion to add false imprisonment claims under Ohio statutes as state

3

law claims are not proper in federal habeas. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, as Hughley seeks to amend his complaint with this non-cognizable state law claim, the Court denies this part of his motion to amend the petition. (Doc. No. 36.)

### B. Motions for Stay (Doc. Nos. 19 and 44)

Next, Hughley requests a stay for several reasons. (Doc. Nos. 19, 44.) First, he argues that a stay is necessary due to the fact that, at the time of the filing of the motion for stay, he had less than thirty days remaining on his state prison sentence. (Doc. No. 19.) He requested a stay in order to prepare a § 1983 civil rights claim. This motion is denied as a stay under such circumstances is not proper. (Doc. No. 19.)

Hughley filed a second request for a stay premised on his waiver of counsel claim. (Doc. No. 44.) He states that he has not presented this claim in state court and, therefore, requests an opportunity to do so.

Stay and abeyance is only appropriate when a district court determines that a petitioner has shown good cause for the failure to first exhaust the claims in state courts, a petitioner's unexhausted claims are not plainly meritless, and a petitioner has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). On December 8, 2008, Hughley raised the issue of waiver of counsel in an application to reopen pursuant to Ohio App. Rule 26(B) in the Eighth District Court of Appeals. That application was denied on June 29, 2009. (Doc. No. 55-1 at 5-6.) The state appellate court ruled as follows:

> {¶ 17} Hughley then argues that the trial court erred in not following Criminal Rule 44 in granting Hughley's motion to represent himself; thus, he argues his waiver of counsel was not knowingly, intelligently, and voluntarily made. Criminal Rule 44(A) provides that in serious offenses [FN3] a criminal defendant may waive his right to counsel after being advised of his right to counsel and knowingly, intelligently, and voluntarily waiving that right. Subsection (C) provides that such notice and waiver must be in open court and on the record and

4

that in serious offenses the waiver shall be in writing. Furthermore, in *State v. Martin*, 103 Ohio St.3d 385, 392, 2004-Ohio-5471, ¶ 39, 816 N.E.2d 227, the Supreme Court of Ohio ruled that "the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel." The Supreme Court of Ohio further stated that to be valid the defendant must have an apprehension of the nature of the charges, the range of possible punishments, possible defenses, and all the facts necessary to an understanding of the whole matter. ¶ 40.

> FN3. There is no dispute that Hughley faced "serious offenses" in all three cases.

{¶ 18} Hughley charges that there was no written waiver and that the trial court did not advise him of the charges, the range of possible punishments, possible defenses, or otherwise confirm that Hughley truly understood the whole matter. Therefore, his appellate counsel should have argued this issue.

{¶ 19} On December 27, 2006, Hughley, *pro se*, filed "Motion for waiver of counsel or to represent self / via in a hybrid representation Crim Rule 44(C)." The closing paragraph of this motion includes the following clause: "Defendant submits in writing waiver of counsel * * *." Subsequently, on February 5, 2007, Hughley, again *pro se*, filed an objection to any trial date set by the trial court because the "matters are outside statutory time limits." He then added in the pleading caption: "(waiver of counsel has been on file.)" On February 6, 2007, Hughley, *pro se*, filed a request to set for prompt trial via Ohio Revised Code. Again, in the caption he included "Waiver of counsel in on file 44(C)."

{¶ 20} On February 20, 2007, the trial court conducted a hearing on Hughley's then present counsel's motion to withdraw and Hughley's motion for waiver of counsel or to represent self. The trial court noted that four attorneys had represented Hughley so far in this litigation and that Hughley had "filed at least 23 pro se motions and other papers." (February 20, 2007 Tr. Pg. 5.) The trial judge asked counsel what was the basis of his motion to withdraw. Counsel replied that after having several conversations with Hughley, he (counsel) thought that it was Hughley's desire to represent himself and that after discussing the facts of the case with Hughley, there seemed to be irreconcilable differences, especially as to culpability.

{¶ 21} Hughley said that he had no objection to counsel's withdrawing. When the trial judge asked, "Do you wish to represent yourself?," Hughley replied, "Yes." (February 20, 2007 Tr. Pgs. 7-8.) The trial judge then noted that "obviously this is something that you have thought about and you understand the potential problems of representing yourself?" Hughley responded, "Yes." The trial judge also warned Hughley that he would be held to the same standard as a lawyer and would have to proceed in the proper form. He also advised him that counsel could be appointed for him. Finally, the trial judge asked, whether it was his desire to represent himself and whether the choice was freely and voluntarily made, and Hughley said "Yes" to all the questions. (February 20, 2007 Tr. Pgs. 8-9.)

{¶ 22} A review of the dockets and of Hughley's many *pro se* filings in all three cases show that Hughley was very eager to represent himself and to present, *inter alia*, the defense of speedy trial and to obtain a quick trial. These filings also show that Hughley was aware of Criminal Rule 44 and that he thought he had filed a written waiver of counsel as required by the rule. The court further notes

> that during trial, Hughley had stand-by counsel and that even in this appeal, he continued his pattern and practice of filing multiple *pro se* motions. Given this factual background it would seem disingenuous to argue that the trial court erred in allowing Hughley to represent himself or that Criminal Rule 44 was not fulfilled.

(Doc No. 55-1 at 5-6), *State v. Hughley,* 2009 WL 1912759, *4 -5 (Ohio App. 8 Dist. Jun. 29, 2009). Hughley's subsequent appeal to the Ohio Supreme Court was dismissed as not involving any substantial constitutional question.[2] *See* Ohio Supreme Court website, www.supremecourt.ohio.gov/Clerk, 2009-1257. Clearly, Hughley has presented his claim questioning his waiver of counsel in state court. His motions to stay are, therefore, denied. (Doc. Nos. 19, 44.)

### C. Motions for Appeal Bond (Doc. Nos. 19 and 44)

Hughley also requests an appeal bond. (Doc. Nos. 19, 44.) It is well-settled that bail is an exceptional form of relief in a habeas corpus proceeding. *See Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986). To receive bail/bond pending a decision on the merits of a habeas corpus petition, a petitioner must show 1) a substantial claim of law based on the facts, and 2) exceptional circumstances justifying special treatment in the interest of justice. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (*citing Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Hughley has not met either of the requirements. Therefore, the portion of Doc. Nos. 19 and 44 requesting appeal bonds are denied.

### D. Motions for Respondent to Provide Petitioner Access to the Courts (Doc. Nos. 25, 49.)

Upon being transferred to county jail, Hughley filed motions requesting he be provided access to the courts. (Doc. Nos. 25, 44.) Prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts which extends to direct appeals, habeas corpus

---

[2]After Hughley filed numerous cases with the Ohio Supreme Court, it found him to be a vexatious litigator and prohibited him from any further filings unless he first requested leave. (Doc. No. 36-1 at 2.) On February 10, 2010, the Ohio Supreme Court dismissed Hughley's last pending appeal regarding whether his misdemeanor jail term should have run concurrent or consecutive to his felony conviction as not involving any substantial constitutional question. *See* Ohio Supreme Court website, www.supremecourt.ohio.gov/Clerk, 2009-2121 It also ordered that Hughley's pending motions in the state court of appeals be denied as moot. *Id*.

petitions and civil rights claims only. *Perotti v. Medlin*, 2009 WL 2424547, \*12 Case No. 4:05cv2739 (N.D. Ohio Aug. 3, 2009), *citing Bounds v. Smith*, 430 U.S. 817, 821-24, 430 U.S. 817, 97 S.Ct. 1491 (1977); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999), *citing Lewis v. Casey*, 518 U.S. 343, 353, 116 S.Ct. 2174 (1996) (citations omitted). In order to sustain a claim of denial of access to the courts, a petitioner must allege an actual injury. *Perotti, citing Lewis*, 518 U.S. at 351. In order to show actual injury in this context, a prisoner must show actual prejudice to pending or contemplated litigation, which includes a showing that a case was dismissed, a petitioner missed a court-imposed deadline, or a prisoner was unable to file a complaint. *Id.*; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). The inmate must also show that unjustified acts or conditions hindered his ability to pursue a non-frivolous legal claim. *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003), *citing Lewis*, 518 U.S. at 343; *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002) (hindering a frivolous claim does not give rise to denial of access to courts claim because it does not result in actual injury). Hughley has not shown any actual injury. In fact, he has filed many motions with the Court and appears to have encountered no problems even after he was transferred to county jail. Moreover, this Court, on January 6, 2010, provided him with a courtesy copy of the docket and a copy of Respondent's brief in opposition to his TRO request. Also, to ensure that Hughley received all future filings, the Court directed Respondent to serve Hughley at a post office box he provided. Therefore, his motions for access to the courts are denied.

### E. Motion for Reconsideration of TRO (Doc. No. 40)

Hughley asks the Court to reconsider its denial of the TRO as he was not given an opportunity to reply prior to the Court's ruling. (Doc. No. 40.)

Although the Federal Rules of Civil Procedure do not specifically address the reconsideration of interlocutory orders, the Sixth Circuit recognizes that such an order may be reconsidered by the district court pursuant to its common law powers and Fed. R. Civ. P. 54(b). *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004); *Schlee v. Williams*, 2008 WL 4878907, \*1, Case No. 1:07cv0487 (N.D. Ohio Nov. 12, 2008). Rule 54(b) provides, in part:

> [A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Traditionally, courts will find justification for reconsidering orders where there is (1) an intervening change of controlling law; (2) new evidence is available; or (3) a need to correct a clear error or prevent manifest injustice. *See Rodriguez*, 89 Fed. App'x at 959. Hughley appears to be arguing a manifest injustice as the Court ruled prior to receiving his reply brief.

As grounds for the requested TRO, Hughley argues that he is being held in county jail in violation of O.R.C. § 2929.34(C).[3] In summary, the Court denied Hughley's motion for a TRO for several reasons. First, the Court ruled that because there was no state court adjudication on the issue, habeas relief was not available. *See Socha v. Wilson*, 477 F.2d 809, 827 (N.D. Ohio 2007). The Court also ruled that a restraining order would disturb the status quo and encroach on the Bureau of Prison's discretion. *See Ziskind v. Gonzales*, 2006 WL 1967379, *3, Case No. 4:06cv0593 (N.D. Ohio Mar. 21, 2006). Moreover, Hughley has failed to meet the burden of persuasion as to the four factors a court must consider in determining whether to grant injunctive relief.[4]

Hughley argues that he exhausted his remedies in state court when the Ohio Supreme Court recently refused to hear his request that he is being detained unlawfully under Ohio Rev.

---

[3]O.R.C. § 2929.34 states, in pertinent part:

    (C) A person who is convicted of or pleads guilty to one or more misdemeanors and who is sentenced to a jail term or term of imprisonment pursuant to the conviction or convictions shall serve that term in a county . . . jail or workhouse or, if the misdemeanor or misdemeanors are not offenses of violence, in a minimum security jail.

[4]The four factors a court must consider in determining whether to grant injunctive relief are "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).

Code ("O.R.C.") § 2929.34(C). (Doc. No. 40 at 2.) He also refers to other arguments having nothing to do with the TRO. He asserts that the mandatory "shall" language of O.R.C. § 2929.34(C) gives him a liberty interest that is protected under the Due Process Clause.[5] (*Id*. at 3.) He contends that his chances of success on the merits are high, but this argument relates to the claim that his waiver of counsel was invalid, not the issue before the Court in the TRO request. (*Id*. at 4.) He next contends that he has suffered irreparable harm as he is being denied access to the court. Specifically, he states that he is given four to five hours per week for legal research and preparation of briefs on a computer in which law web sites are blocked. (*Id*. at 5.) Since the issue whether Hughley is being detained unlawfully in county jail will not be considered by the Court as grounds for Hughley's habeas petition, it will not be considered grounds to grant a TRO. Therefore, his motion for reconsideration is denied. (Doc. No. 40.)

### F. Conclusion

In summary, Hughley's motions for leave to amend are granted in part and denied in part, as follows:

(1) His claim that he spent over 311 days in confinement in lieu of bail, but received zero jail time is allowed; (Doc. No. 14, motion for leave granted);

(2) His claim as to whether his misdemeanor jail term should have run concurrent to his felony conviction is allowed; (Doc. No. 36, motion for leave granted in part); and

(3) His claim that he is falsely imprisoned under state law is denied. (Doc. No. 36, motion for leave denied in part).

Hughley's motions for stay, appeal bond, access to the courts, and reconsideration of the TRO are denied. (Doc. Nos. 19, 25, 40, 44, 49). As all pending motions have been ruled on, his motion requesting the Court to do so is denied as moot. (Doc. No. 50.)

IT IS SO ORDERED.

                                                              s/ Greg White
                                            United States Magistrate Judge

Date:   February 18, 2010

---

[5] This argument is not cognizable in federal habeas. Hughley essentially complains of state law violations which have already been heard by the state courts. *See Parsons v. Money*, 2007 WL 649283 *11, Case No. 5:05-cv-1589 (N.D. Ohio Feb. 26, 2007) (J. Gwin).

9