IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kevin Hughley, | Case No. 1:09 CV 1828 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Robert Reid, | |
| Defendant. | |

*Pro se* Petitioner Kevin Hughley, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus (Doc. No. 1). The Petition was amended to add two additional claims (Doc. No. 60). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner alleges his detention violates the Sixth, Eighth and Fourteenth Amendment of the U.S. Constitution.

The case was referred to Magistrate Judge Greg White for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). The Magistrate recommended the Court deny the Petition (Doc. No. 73).

Petitioner filed an Objection (Doc. No. 74) to the Magistrate's denial. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

**BACKGROUND**

Petitioner was convicted in Ohio in three separate cases labeled CR-462014, CR-473878, and CR-481899. In CR-462014, Petitioner was convicted of forgery, uttering, and tampering with records. In CR-473878, Petitioner was convicted of forgery and uttering. In CR-481899, Petitioner was convicted of committing a motor vehicle title offense. Petitioner does not object to the factual background (Doc No. 73, pp. 6-10) or procedural background (*id.* at pp. 3-5) described in the R&R, except as to the description of Petitioner's application for reopening. The Court finds them to be accurate and therefore adopts them in their entirety, except as to the Magistrate's description of Petitioner's application to reopen.[1]

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a federal habeas court to limit its analysis to the law as it was "clearly established" by the U.S. Supreme Court at the time of the state court decision.[2]

The Supreme Court provided direction on the application of this standard in *Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong of Section 2254(d)(1), a federal habeas

---

[1] The Magistrate describes Petitioner's application to reopen as a "delayed" application. However, Petitioner filed his application well within ninety days of the judgment, as provided in Ohio Appellate Rule 26(B). Accordingly, Petitioner's objection with respect to this description is well taken, though the objection has no impact on the merits of the Petition.

[2] The relevant section of AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405-06.

The "unreasonable application" prong of Section 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle" from the Supreme Court's decisions, "but unreasonably applies that principle to the facts" of petitioner's case. *Id.* at 413. The "unreasonable application" standard requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (*citing Williams*, 529 U.S. at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams*, 529 U.S. at 409.

Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

## DISCUSSION

Petitioner raised seven claims in his amended Petition:

Ground One: In case CR-473878, Petitioner's conviction was against the manifest weight of the evidence.

Ground Two: In case CR-481899, the sentence is void on its face under Ohio law.

Ground Three: Counsel was not properly waived under Ohio Criminal Rule 44(c).

Ground Four: In case CR-462014, Petitioner's forgery convictions should have been deemed misdemeanors, not felonies.

Ground Five: Petitioner was erroneously forced to pay court costs, despite the trial court's waiver of those costs.

Ground Six: Petitioner was denied jail-time credit for his 311 days of pretrial incarceration.

Ground Seven: Petitioner's misdemeanor jail term should have run concurrent to the sentence for his felony conviction

**Ground One - Manifest Weight as to Forgery**

In Ground One, Petitioner argues that his conviction for forgery in the case labeled CR-473878 was against the manifest weight of the evidence (Doc. No. 1, p. 5). The Magistrate concluded that Petitioner's ground for relief was not cognizable on federal habeas review, and that even if Petitioner's argument was construed as a sufficiency of evidence claim, it is procedurally defaulted (Doc. No. 73, pp.14-15). However, *pro se* claims for relief are to be given "a liberal and active construction . . . 'to encompass any allegation stating federal relief.'" *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007) (quoting *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985)). In *Nash*, the Sixth Circuit construed a manifest weight claim as a sufficiency of the evidence claim for habeas review purposes. Additionally, the *Nash* court concluded that because the petitioner had argued a manifest weight claim throughout his state proceedings, the sufficiency claim was not procedurally defaulted. *Id.* According to the *Nash* court, Ohio courts adequately passed upon the sufficiency claim because the "determination by the Ohio court of appeals that the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was sufficient evidence." *Id.*

The procedural ruling in *Nash* is directly on point with the instant Petition. Under *Nash*, this Court construes Petitioner's claim as a sufficiency of the evidence claim. Because Petitioner maintained a manifest weight claim throughout his state court proceedings, this claim is not procedurally defaulted and will be addressed on the merits.

On sufficiency of the evidence challenges, habeas relief is warranted "only where the court finds, after viewing the evidence in the light most favorable to the prosecution, that no rational trier-

of-fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (internal quotation omitted). This review involves two levels of deference: "First, deference should be given to the trier-of-fact's verdict," and second, deference should be given to the state court of appeals' "consideration of the trier-of-fact's verdict." *Id.* This standard is to be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*

Section 2913.31 of the Ohio Revised Code defines the offense of forgery:

(A)  No person, with purpose to defraud, or knowing that person is facilitating a fraud, shall do any of the following:

   (1)  Forge any writing of another without the other person's authority;

   (2)  Forge any writing . . . to be the act of another who did not authorize the act.

The State presented evidence and testimony indicating that Petitioner made several fraudulent purchases, signing the receipts with a signature that was not his (Doc. No. 62-6). Ryan Feikle, a loss prevention agent for the department store where the fraudulent purchase allegedly occurred, identified Petitioner as the individual forging the signatures on the receipts and as the individual displayed in video surveillance. This evidence is not in dispute, and could reasonably lead a trier-of-fact to conclude that Petitioner's conduct constituted forgery within the meaning of the statute. It was reasonable for the Ohio courts to conclude that Petitioner's conduct amounted to forgery.

**Ground Two - Void Sentence for Motor Vehicle Title Offense**

In Ground Two, Petitioner argues that the sentence imposed in the case labeled CR-481899 for a motor vehicle title offense is void on its face under Ohio law (Doc. No. 1, p. 6). The Magistrate concluded that Ground Two was not cognizable on federal habeas review, and that even if the claim was construed so as to be cognizable, it is procedurally defaulted (Doc. 73, pp. 16-17).

5

This Court agrees with the Magistrate's conclusion that Ground Two does not present a cognizable claim for federal habeas review. "The writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, No. 05-6669, 2010 WL 1172473, at *8 (6th Cir. Mar. 29, 2010) (citing 28 U.S.C. § 2254(a)). Rather, a writ of habeas corpus must raise either a federal constitutional question or an important federal statutory claim. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner's second ground is based purely on an error in state sentencing law. Because Petitioner's claim contains no constitutional question or sufficiently important federal statutory claim, Petitioner's claim is not cognizable on federal habeas review.

**Ground Three - Waiver of Counsel**

In Ground Three, Petitioner argues that his waiver of counsel during his resentencing hearing did not comply with Ohio Criminal Rule 44(c) (Doc. No. 6, p. 1).[3] The Magistrate did not reach the merits of this claim, determining that Petitioner procedurally defaulted on this claim by not raising it on direct appeal (Doc. No. 73, p. 18). However, Petitioner raised the waiver-of-counsel argument at the first opportunity following his resentencing during his second trip to the state appellate court (Doc. No. 62-8, p. 12). Petitioner also raised it with the Ohio Supreme Court. Therefore, Petitioner did not procedurally default on this claim.

On the merits, this Court construes Ground Three as a Sixth Amendment right-to-counsel claim. Petitioner contends his waiver was inadequate because he was not told the "nature of sentencing possibilities" (Doc. No. 62-8, p. 13). The Sixth Amendment requires that any waiver of trial counsel be knowing and intelligent. *U.S. v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004) (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)). However, the particular process needed to waive

---

[3] As detailed by the Magistrate, the state appellate court reduced the felony tampering convictions to misdemeanors and remanded for a new sentence.

counsel at a sentencing hearing, as opposed to at trial, is unclear. *See U.S. v. Napier*, 1989 WL 10086, at *5 (6th Cir. 1989) ("The elaborate waiver procedure [for trial counsel] . . . does not apply to waiver of counsel during sentencing. The dangers of self-representation at trial are simply not present at sentencing."). In any event, the state appellate court, in reviewing Petitioner's ineffective waiver claim, cited the general "knowingly, intelligently, and voluntarily" standard. *State v. Hughley*, Nos. 92588, 93070, 2009 WL 3648469, at *7 (Ohio Ct. App. Nov. 5, 2009). It then described the proceedings during the resentencing hearing (*id.*):

> Hughley acknowledged that retained counsel no longer represented him. The court noted that Hughley went through five attorneys before trial commenced, proceeded to trial pro se, and during trial, he had standby counsel assigned to assist him. The trial court then advised Hughley that he has a right to counsel. The trial court further explained that if Hughley wanted counsel, the court would appoint counsel for him. The trial court also advised Hughley that it was only resentencing him on the tampering with records counts as mandated by this court [on Hughley's initial appeal]. Hughley then stated that he understood his rights and wanted to proceed pro se. Hughley spoke on his own behalf, referencing the sentencing memorandum . . . The court then advised Hughley that the maximum sentence it could impose is 18 months . . .
>
> Based on the foregoing, we find that Hughley voluntarily elected to proceed pro se and that he knowingly, intelligently, and voluntarily waived his right to counsel at the resentencing hearing.

The appellate court's findings, which are presumed to be correct, *see* 28 U.S.C. § 2254(e)(1), contradict Petitioner's assertion that the sentencing court did not apprise him of the "nature of the sentencing possibilities." Petitioner bears the burden of rebutting the court's finding by "clear and convincing evidence." *Id.* He has not met his burden here, as he has not even provided this Court a transcript of the resentencing hearing. Moreover, Petitioner's assertion that he did not know the nature of his potential sentence rings hollow. He had already been through trial, sentencing, and his first appeal, so he was presumably well-aware of the nature of the charges and their possible

7

consequences. In sum, the state court's rejection of Petitioner's argument was not contrary to or an unreasonable application of federal law. Petitioner's Third Ground for relief lacks merit.

**Grounds Four, Five, and Six - Procedural Default**

Grounds Four, Five, and Six were not presented to the state court on direct appeal (Doc. No. 62-3, p. 5). These claims are therefore procedurally defaulted. *See, e.g.*, *Lott v. Coyle*, 261 F.3d 594, 611-12 (6th Cir. 2006) (holding that a state prisoner's failure to raise a claim on direct appeal in state court constituted procedural default for federal habeas purposes). Petitioner has set forth no facts demonstrating cause for the default. Accordingly, this Court adopts the Magistrate's recommendation to dismiss Grounds Four, Five, and Six.

**Ground Seven -Concurrent Terms for Misdemeanor Sentence**

In Ground Seven, Petitioner argues that his misdemeanor jail term should have run concurrent to his felony conviction, and that his current sentence amounts to cruel and unusual punishment (Doc. No. 36, p. 1). Petitioner objects to the Magistrate's ruling that this claim was procedurally defaulted (Doc. No. 74, p. 4).

Petitioner raised the claim that his misdemeanor jail term should have run concurrently on direct appeal to the state appellate court following his re-sentencing (Doc. No. 62-8). Because Petitioner raised this claim on the earliest available appeal, this claim has not been procedurally defaulted. However, the Magistrate correctly stated that Petitioner's claim arises solely under state law and does not present a federal constitutional question. As noted above with regard to Ground Two, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, No. 05-6669, 2010 WL 1172473, at *8 (6th Cir. Mar. 29, 2010) (citing 28 U.S.C. § 2254(a)). Because Petitioner's claim contains no constitutional question or sufficiently important federal statutory claim, Petitioner's claim is not cognizable on federal habeas review.

Petitioner also argues that his sentence amounts to cruel and unusual punishment. However, Petitioner failed to raise this claim on direct appeal in the state courts (Doc. No. 62-8). Rather, the first time Petitioner raised his Eighth Amendment claim was before this Court (Doc. No. 36-1, p. 1). Since Petitioner did not fairly present this issue at the first opportunity and Ohio law would prevent him from doing so now, Petitioner's Eighth Amendment claim is procedurally defaulted.

**Evidentiary Hearing**

Petitioner also requests an evidentiary hearing. This Court agrees with the Magistrate that an evidentiary hearing is not required to resolve any of Petitioner's claims. As explained above, all of Petitioner's claims can be decided on the current record or are procedurally defaulted. Accordingly, Petitioner's request for an evidentiary hearing is denied. *See Schiro v. Landrigan*, 550 U.S. 465, 474 (2007) (approving denial of an evidentiary hearing "on issues that can be resolved by reference to the state court record") (internal quotation omitted).

#### CONCLUSION

For the above stated reasons, the Petition for a Writ of Habeas Corpus is dismissed. Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 3, 2010